IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICIA LYNNE JACKSON                                                              PLAINTIFF

v.                                       Civil No. 4:20-cv-04084

CHRIS WOLCOTT, Jail Administrator; ANA MEJIA,
Program Coordinator; TAMMY FOWLER, Medical;
ERIN HUNTER, Prosecuting Attorney; SHORTY
BARRETT, Public Defender; MICKY BUCHANAN,
Public Defender Supervisor; OFFICER DOUGLAS
JOHNSON; and ROMONA ARENAS                                                         DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Patricia Lynne Jackson pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff is currently an inmate in the Sevier County Detention Center ("SCDC") in DeQueen, Arkansas. She filed her original complaint on September 21, 2020. (ECF No. 1). Her application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on October 19, 2020. (ECF No. 6). Plaintiff indicates that at the time of the alleged incidents she was "in jail and still awaiting trial on pending criminal charges" and "in jail for other reasons." *Id.* at p. 3. She goes on to describe that she is in jail because of a "Parole Violation and awaiting court on charges. Still waiting." *Id.* She states that the date of her conviction for probation or parole revocation was May 7, 2020. *Id.*

In the Amended Complaint, Plaintiff names the following individuals as Defendants: Chris Wolcott, the Jail Administrator for the SCDC; Ana Mejia, the Program Coordinator for the SCDC; Tammy Fowler, a member of the Medical team at the SCDC; Erin Hunter, a Deputy Prosecuting Attorney; Shorty Barrett, a Public Defender; Mickey Buchanan, a "Supervisor-Public Defender"; Douglas Johnson, Sevier County Sheriff; and Romona Arenas, "Commissary/Bookeeping/Notary of Public" at the SCDC.  Plaintiff asserts four claims in the Amended Complaint and is suing Defendants in both their official and individual capacities.  She is seeking compensatory and punitive damages. (ECF No. 6, p. 10).

In Claim One, Plaintiff alleges Defendants Fowler, Wolcott, and Mejia denied her medical care on May 7, 2020, and continuing thereafter.  (ECF No. 6, p. 5).  She describes the acts or omissions of these Defendants as "ADC sent medical my specific diet and medications. High Calorie/High Carb. In order to keep my diabetes under control, I follow a Barriatric Diet. I have renal and liver disease plus high blood pressure. They refused to give me the right foods and sugar & blood pressure is more elevated. Had to prescribe me more meds for pressure." *Id.*   Plaintiff describes her official capacity claims against these Defendants as "8th Amendment, Ark R. 06-106-1004-Barriatric Surgery requires special diet. Medical non compliance is Deliberate and indifference, they chose to ignore my med needs. Tooth broke 2 ½ mths. Have not seen dentist and I have abseces now, I throw up from starches, can't digest meat. Chronic rash has not been seen by Dr. just . . . cortizon cream that did not work." *Id.* at p. 6.

Plaintiff describes Claim Two as "No receipts of any kind given don't know why excessive funds being taken, refused to tell me for what and when" which occurred in "June, July Aug Sept/2020." (ECF No. 6, p. 6).  Plaintiff identifies Wolcott, Fowler and Arenas as the Defendants involved in this claim.  *Id.*  She goes on to state, "I have been a county inmate only 4 weeks out of

2

the 4 ½ months I have been here and more than $270.00 has been taken from my account and Im ADC property my meds are paid for, and they refused to give me a receipt." *Id.* She describes her official capacity claim as, "The withdraw of funds for charges I did not acquire. Refused to give me a receipt for anything. Basically told me you owe this, deal with it, no forfeit or explanation given. That is theft of property." *Id.* at p. 7.

Plaintiff describes Claim Three as "refusal to give proper counsel – retaliation" on May 7, 2020 to the "current date." (ECF No. 6, p. 7). She identifies Mickey Buchanan (Public Defender/Supervisor), Shorty Barrett (Plaintiff's Public Defender), and Erin Hunter (a Prosecuting Attorney) as the Defendants involved in this claim. Plaintiff goes on to state:

> the first time I spoke to Mr Barrett, he told me, 'I've caused him to many fu\*\*\*\*g Problems already'. After 4 ½-5 mths in jail he refused to put me on docket or let me plea out in retaliation, I said Idd not want a jury trial on. On Sept. 30, 2020 Mr. Barrett, called me out to tell me that he prosecuting Attorney, Erin Hunter/Brian Chesire was dropping my felony charge, giving me time served for both misdemeanors, and are returning the $1,052.00 that was confiscated from me in which was my stimulus check. . . before court my court appointed Attorney, Mr. Barrett informed me the prosecutor changed their mind and set me a court date for the end of October for trial. They have no evidence I committed a felony, I did not. They know this, but changed their minds when they found out I filed this and are now retaliating.

*Id.* at pp. 7-8. Plaintiff asserted in the complaint that she was pursuing Claim Three against the Defendants in their official capacities and individual capacities. However, Plaintiff provided no facts to support an official capacity claim in her complaint.

Plaintiff describes Claim Four as "Arresting officer deliberately lied in forfeiture after pledging the truth in my motion of discovery." (ECF No. 6, p. 8). She does not indicate the date on which this incident occurred. Plaintiff identifies Defendants Douglas Jonson and Hunter as being involved and goes on to allege:

> I was arrested by Douglas Johnson after being stopped because Walmart called and said I was trespassing, which I was not allowed on property, but went and purchased groceries . . . I had warrants for a parole revocation and charges in Polk County I was

3

> arrested and Johnson took my cash out of my purse, said it was drug related, I had no drugs and then said what was in the vehicle, not on me was going to be used for drugs . . . the money from my disability/stimulus check was found in my vehicle on me with a substance that was supposed to be used with drugs…Erin Hunter filed my forfieture knowing I was innocent.

(ECF No. 6, p. 9). Plaintiff describes her official capacity claim against Defendants Johnson and Hunter as follows, "Ark. Const. 2-8 Criminal Charges./Ark Rule 1.3 Purpose of Constru Ark. Admin r. 006000102002 – Both attorneys refuse to answer call, put you on docket, had not evidence twords me on felony charge. Did not get indictment from grand Jury. . . ." *Id.* at p. 10.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* plaintiff must allege specific facts sufficient to support a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

4

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). To determine the presence of state action, a court must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).

There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987).

Government officials can be sued pursuant to § 1983 in their individual capacities, their official capacities, or both. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). An official-capacity claim is functionally a suit against the entity an individual works for and requires "proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." See *id*.

### III. DISCUSSION

**A. Claim One – Denial of Medical Care/Inadequate Diet**

Plaintiff alleges that Defendants Fowler, Wolcott, and Mejia denied her medical care and a medically prescribed diet beginning on May 2, 2020, and continuing thereafter during her

incarceration in the SCDC. The Court finds Plaintiff has stated individual and official capacity claims against these Defendants. Accordingly, Claim One against Defendants Fowler, Wolcott, and Mejia for denial of medical care and denial of an adequate diet shall proceed. Service of these Defendants will be addressed in a separate order.

**B. Claim Two – Theft of Property**

In Claim Two, Plaintiff alleges Defendants Wolcott, Fowler, and Arenas wrongfully took money from her and refused to give her receipts. She claims more than $250.00 has been taken from her account since she has been incarcerated in the SCDC. Plaintiff's allegations fail to state a claim under 42 U.S.C. § 1983.

Here, Plaintiff has adequate post-deprivation remedies to regain her property. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, her allegations of wrongful forfeiture do not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Because Plaintiff could seek redress in Arkansas state courts for her claim of loss of property, she has no claim pursuant to § 1983 in this regard.

Accordingly, Plaintiff's individual and official capacity claims set forth in Claim Two for theft of property against Defendants Wolcott, Fowler, and Arenas are dismissed with prejudice.

**C. Claim Three – "Refusal to give proper counsel – Retaliation"**

In Claim Three, Plaintiff alleges Defendants Buchanan, Barrett and Hunter "refused to give proper counsel-retaliation . . . refused to put me on docket or let me plea out . . . the prosecutor

changed their mind and set me a court date . . . they have no evidence I committed a felon, I did not . . . ."  (ECF No. 6, pp. 7-8).

First, Defendants Buchanan and Barrett are public defenders who represented Plaintiff during her criminal proceedings.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999).  Defendants Buchanan and Barrett were not acting under color of state law while representing Plaintiff in her criminal proceedings.  *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").  Accordingly, Plaintiff's claims against Defendants Buchanan and Barrett set forth in Claim Three are dismissed with prejudice.

Defendant Hunter was the prosecutor involved in pursuing the criminal charges against Plaintiff.  Plaintiff's claims against Defendant Hunter must be dismissed because she is immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id*. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.* at 430.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).  Plaintiff has failed to allege that Defendant Hunter engaged in any conduct other than actions taken in connection with her duties as a prosecuting attorney during the judicial phase of Plaintiff's criminal case.  Accordingly, Defendant Hunter is entitled to absolute immunity, and the claims against her as set forth in Claim Three are dismissed with prejudice.

7

### D. Claim Four – Forfeiture of Property

Plaintiff alleges and claims that Defendant Johnson arrested her and "lied in forfeiture [proceeding]. . . took cash out of my purse" for drugs. (ECF No. 6, pp. 8-9). She also alleges that Defendant Hunter "filed my forfeiture knowing I was innocent." *Id.* at p. 9.

As previously stated, because Plaintiff has adequate post-deprivation remedies to regain her property, her allegations of wrongful forfeiture do not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). In addition, Defendant Hunter, as a prosecuting attorney, is entitled to immunity. In *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), the United States Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427.

Accordingly, Plaintiff's allegations as set forth in Claim Four for forfeiture of her property against Defendants Johnson and Hunter are dismissed with prejudice.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's individual and official capacity claims in Claim One for denial of medical care and inadequate diet against Defendants Wolcott, Fowler, and Mejia shall proceed.

For the reasons stated above, the remainder of Plaintiff's claims, are dismissed as follows:

1) Claim Two for theft of property against Defendants Wolcott, Fowler, and Arenas in their individual and official capacities is **DISMISSED WITH PREJUDICE**;

2) Claim Three for "refusal to give proper counsel-retaliation" against Defendants Buchanan, Barrett, and Hunter in their individual and official capacities is **DISMISSED WITH PREJUDICE**; and

3) Claim Four for forfeiture of property against Defendants Douglas and Hunter in their individual and official capacities is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of November 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge