IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICIA LYNNE JACKSON                                              PLAINTIFF

v.                           Civil No. 4:20-cv-04084

CHRIS WOLCOTT, Jail Administrator;
ANA MEJIA, Program Coordinator; and
TAMMY FOWLER, Medical                                               DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's failure to keep the Court informed of her address. On February 25, 2021, the parties consented to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings. (ECF No. 18).

Plaintiff Patricia Lynne Jackson filed this 42 U.S.C. § 1983 action *pro se* on September 21, 2020. (ECF No. 1). That same day, the Court entered an order granting Plaintiff's *in forma pauperis* application and directing her to file an Amended Complaint. (ECF No. 3). This order informed Plaintiff of her obligation to notify the Court of any change of address within thirty days of her release from incarceration or transfer to another facility. *Id.*

Plaintiff filed an Amended Complaint on October 19, 2020. (ECF No. 6). On August 26, 2021, Defendants Mejia and Wolcott filed a Motion to Dismiss based on Plaintiff's failure to keep the parties and the Court informed of her current address. (ECF No. 28). That same day, the Court entered an order directing Plaintiff to file a response to Defendants' motion. (ECF No. 29). On September 13, 2021, mail sent to Plaintiff at her address of record was returned as undeliverable indicating "UTF, Refused, Paroled", "Return to Sender…". (ECF No. 30).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of her address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 28) is **GRANTED** and Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 13th day of October 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE